STATE OF NORTH CAROLINA v. JIMMY ASHE

No. 7530SC240

(Filed 2 July 1975)

**Robbery § 4— common law robbery — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for common law robbery where it tended to show that defendant walked his victim home from a poolroom late at night, defendant fell behind the victim, the victim testified that he told defendant to come on whereupon defendant hit the victim in the head with a rock, ran into him with his body, and took the victim's pocketbook.

APPEAL by defendant from *Friday, Judge.* Judgment entered 30 October 1974 in Superior Court, CHEROKEE County. Heard in the Court of Appeals 27 May 1975.

Defendant was tried on a bill of indictment charging him with the crime of common law robbery.

The jury returned a verdict of guilty as charged. Judgment was entered imposing a sentence of imprisonment.

*Attorney General Edmisten, by Associate Attorney G. Jona Poe, Jr., for the State.*

*Creighton W. Sossomon, for defendant appellant.*

VAUGHN, Judge.

Defendant assigns as error the court's refusal to grant his motions for nonsuit.

Viewed in the light most favorable to the State, the evidence tends to show the following. In the late afternoon of 11 April 1974, E. A. Browning, age 68, went to a poolroom in Murphy. Defendant, age 28, was also there. Browning has known defendant for about five years. Both of them had been

drinking and shooting pool during the evening. Defendant had lost all of his money shooting pool. On the night of the robbery he borrowed $200.00 from the operator of the poolroom. Browning remained at the poolroom until about 1:00 a.m. When he left, defendant followed. Defendant told the operator of the poolroom that he would walk defendant home. They went out the back door and walked together down a deserted street. No one else was with them and Browning saw no one else on the street. Browning was walking pretty fast and defendant dropped a few steps behind. Defendant said, "Hey, wait for me." Browning replied, "Well, come on." Browning's testimony continued, " . . . I took about two steps, and a rock hit me on the head, he ran into me . . . he ran into me with his body, and liked to knock me off my feet, and the same time hit me with a rock in the head . . . and reached in my pocket and got my pocketbook." Browning had about $300.00 in his pocketbook and all of it was taken. Defendant returned to the poolroom about thirty minutes after he had left with Browning. Defendant stayed at the poolroom until about 3:00 a.m. A police officer discovered Browning in the street about 7:15 a.m. He was carried to the hospital where he was found to have a fractured hip and bruises about his head. He was very confused and the doctor concluded he had suffered a cerebral concussion.

The motion for nonsuit was properly denied. That the State's evidence of the identity of defendant as the robber was weakened on cross-examination and by the defendant's evidence is of no consequence on a motion for nonsuit. The evidence must be considered in the light most favorable to the State.

Defendant's remaining assignments of error have been considered and found to be without merit.

Defendant having failed to show prejudicial error, the verdict and judgment must be upheld.

No error.

Judges BRITT and PARKER concur.